In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00221-CR


______________________________




CAMERON LEE VAUGHN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Franklin County, Texas


Trial Court No. 08924




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Cameron Lee Vaughn appeals from his conviction for driving while intoxicated, a class A
misdemeanor offense. The trial court assessed his punishment at thirty days in jail, probated for one
year, and a $2,000.00 fine. Vaughn complains the evidence was insufficient to support the verdict. 
 In our review of the legal sufficiency of the evidence, we view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). In reviewing for factual sufficiency, we view the evidence in a neutral light,
favoring neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Id. 

 There is testimony from three witnesses about the events leading up to the arrest. Two
citizens, Mike and Debbie Cruitt, testified that they were effectively trapped behind Vaughn on a
road for ten or fifteen minutes as he wandered from one side of the road to the other in his pickup
truck, that he narrowly missed hitting guardrails on both sides of the road, that he nearly precipitated
an accident when another vehicle topped a hill to find him driving in the middle of the road, and that
he rolled through a stop sign into a ditch and had to back up in order to complete a turn. 

 The arresting officer, Trooper Cary Barnett, testified he responded to a call about the erratic
driver, saw him drive through a stop sign and almost into a ditch, and then drive into another ditch. 
He testified that, after stopping Vaughn, he observed five of six clues in a horizontal gaze nystagmus
test, that he observed two of eight clues on the walk and turn test, that Vaughan failed the one-legged
stand test, and that, when the officer ran a breath test on his portable breath tester, Vaughn registered
.13 on two separate samples. (1)

 Vaughn argues on appeal that this testimony should be disregarded because the videotape of
the incident shows he did well on all of the physical tests and because the video does not show the
officer clearing (or purging) the device. He also argues the Cruitts simply saw him driving slowly
and assumed something was wrong. He bases this argument on a statement made by the dispatcher
in response to a question by the trooper asking if the "caller said if the truck drove off the road," to
which the dispatcher answered, "[n]egative, he did not." 

 There is no requirement the officer be shown on video while purging the breath tester. The
Cruitts' testimony is consistent with the relayed comment by the dispatcher, because erratic driving
does not necessarily require the driver to actually drive off the road. The fact that the videotape does
not show Vaughan driving excessively erratically is not probative as to his actions before the camera
was activated, given the eyewitness testimony by the officer and the Cruitts. 

 Under this state of the evidence, we find the evidence both legally and factually sufficient
to support the verdict.


 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 18, 2003

Date Decided: September 19, 2003


Do Not Publish

1. As pointed out by counsel, the first test showed only a .07. The officer explained, however,
that the breath sample was inadequate and that, after he cleared the device and gave more complete
instructions, the two following tests each registered .13.